UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMY A.,

      **Plaintiff,**

      v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

      **Defendant.**

Case No. 1:20-cv-7655
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Amy A. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.    PROCEDURAL HISTORY**

On March 23, 2016, Plaintiff filed her application for benefits, alleging that she has been disabled since January 1, 2015. R. 74, 88, 160−66. Plaintiff's application was denied initially and upon reconsideration. R. 89−93, 97−99. Plaintiff sought a *de novo* hearing before an

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

administrative law judge. R. 100–02. Administrative Law Judge ("ALJ") Mary Ann Poulose held a hearing on August 30, 2018, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 28–60. In a decision dated January 28, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 23, 2016, the date on which the application was filed, through the date of that decision. R. 14–22. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 18, 2020. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On December 22, 2020, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 15.[2] On December 23, 2020, the case was reassigned to the undersigned. ECF No. 16. The matter is now ripe for disposition.

## II.   LEGAL STANDARD

### A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*,

---

[2] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).  Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016).  The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight."  *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is

3

overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.  ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 45 years old on the date on which the application was filed. R. 21. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between March 23, 2016, her alleged disability onset date, and the date of the ALJ's decision. R. 16.

At step two, the ALJ found that Plaintiff suffered from the severe impairment of major depressive disorder. *Id.* The ALJ also found that Plaintiff's diagnosed asthma was not a severe impairment. *Id.*

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 17–18.

At step four, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels subject to various non-exertional limitations. R. 18–20. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a pharmacy technician. R. 21.

At step five, the ALJ found that a significant number of jobs–*i.e.*, approximately 445,000 jobs as a cleaner; approximately 119,000 jobs as an inspector; approximately 315,000 jobs as a packager–existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 22. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 23, 2016, her alleged disability onset date, through the date of the decision. R. *Id.*

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Acting Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 19; *Plaintiff's Reply Brief*, ECF No. 23. The Acting Commissioner takes the position that her decision should

be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 22.

## IV. DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's RFC determination. *Plaintiff's Memorandum of Law*, ECF No. 19, pp. 5–11; *Plaintiff's Reply Brief*, ECF No. 23, pp. 1–3. For the reasons that follow, this Court concludes that the ALJ's RFC determination is not supported by substantial evidence, but for reasons different than those raised by Plaintiff. *Cf. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 601097, at *2-3 (E.D. Pa. Feb. 16, 2021), *reconsideration denied sub nom. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 1175134 (E.D. Pa. Mar. 29, 2021) ("This unexplained mistake is a clear, reversible error that this court has addressed *sua sponte*.") (citations omitted); *McNeal v. Comm'r of Soc. Sec.*, No. CIV.A. 10-318-J, 2012 WL 1038898, at *3 (W.D. Pa. Mar. 28, 2012) ("The Court does not reach any of the issues raised by Plaintiff but finds that remand is warranted on grounds not raised by the parties.").

A claimant's RFC is the most that a claimant can do despite her limitations. 20 C.F.R. § 416.945(a)(1). At the administrative hearing stage, the administrative law judge is charged with determining the claimant's RFC. 20 C.F.R. §§ 416.927(e), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ

need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

Here, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitation: "the claimant is limited to unskilled work that is simple, repetitive and routine." R. 18. The ALJ, citing the vocational expert's testimony, went on to find at step five that, considering Plaintiff's age, education, and this RFC, there are jobs that exist in significant numbers in the national that Plaintiff could perform, namely, jobs as a cleaner, inspector, and packager. R. 21–22. The ALJ therefore concluded that Plaintiff was not disabled under the meaning of the Social Security Act. R. 22.

However, the hypothetical question posed by the ALJ to the vocational expert at the administrative hearing assumed a claimant with a very different RFC than the RFC ultimately found by the ALJ in her written decision:

> I want you to assume a person of the claimant's age, who is a younger individual, who has a high school education, and past work as a pharmacy technician. If that person is limited to unskilled work, that is simple, repetitive and routine, *that does not have interaction with the public, has only occasional interaction with co-workers, but no tandem tasks, and is not fast-paced production environment, and no exposure to hazards, also it's going to avoid concentrated exposure to humidity*. That person is not going able to do the past work, but will there be any other jobs in the economy?

R. 57 (emphasis added). The Acting Commissioner acknowledges this discrepancy but argues that "the ALJ's decision contains what amounts to a scrivener's error in the description of the

9

RFC." *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 22, pp. 9–10; *see also id.* at 5. This Court disagrees with the Acting Commissioner's characterization of these inconsistent RFCs. "A scrivener's error is a transcription error or a typographical error." *Hudon v. Astrue*, Civil No. 10-cv-405-JL, 2011 WL 4382145, at *4 (D.N.H. Sept. 20, 2011). "In the context of social security cases, errors in ALJ decisions have been excused as mere scrivener's errors when the ALJ's intent was apparent." *Id.*; *see also Armata v. Berryhill*, No. 3:17-CV-30054-KAR, 2018 WL 4829180, at *12 (D. Mass. Oct. 4, 2018) ("'In nearly all of the Social Security cases in which a court has concluded that an ALJ made a mere typographical or scrivener's error, the ALJ's intent was more apparent.'") (quoting *Douglas v. Astrue*, C/A No. 1:09-1349-CMC-SVH, 2010 WL 3522298, at *3 (D.S.C. Sept. 3, 2010)). Here, the ALJ's failure to explain the reasons or evidence supporting the different limitations reflected in the hypothetical RFC posed to the vocational expert preclude this Court from understanding the ALJ's intent. *See id*. For example, the ALJ's hypothetical RFC contains three limitations related to social interaction but the discussion and reasoning in her written decision at step four contain no explanation as to why these social limitations were necessary. *See* R. 18–20. Based on this record, concluding that the RFC ultimately found by the ALJ in her written decision was simply a scrivener's error would require this Court to improperly speculate about the ALJ's intent. *Cf. Diggin v. Saul*, No. CV 19-0022, 2019 WL 3495593, at *10 (E.D. Pa. July 31, 2019) ("Inadequate discussion that leaves a court to speculate on what evidence led the ALJ to the conclusions set forth in the decision precludes any meaningful judicial review.") (citations omitted); *Armata*, 2018 WL 4829180, at *12; *Hudon*, 2011 WL 4382145, at *4.

Moreover, the Court cannot conclude that the ALJ's error in this regard is harmless. The ALJ expressly relied on the vocational expert's testimony in response to a hypothetical question

that contained different limitations than the RFC ultimately found by the ALJ in her written decision when concluding that Plaintiff was not disabled. R. 18, 21–22, 57. Additionally, the ALJ's hypothetical posed to the vocational expert contained some social limitations but did not address any limitation in dealing with supervisors. Because the ALJ's decision does not address any social limitations, the Court cannot confidently evaluate the ALJ's RFC determination. "The public, supervisors, and co-workers are distinct groups, and are separately addressed on the mental RFC forms. Thus, limitations on one type of interaction in the RFC does not account for limitations on the others." *Grinolds v. Colvin*, No. 15-30, 2015 WL 5178184, at *2 (W.D. Pa. Sept. 4, 2015); *see also Michelle A. v. Saul*, No. 19-CV-00991-MJR, 2020 WL 7223235, at *5 (W.D.N.Y. Dec. 8, 2020) ("The public, supervisors, and co-workers are distinct groups, and are separately addressed on the [Commissioner's] mental residual capacity forms. Thus, limitations on two of these types of interactions does not account for limitations on the third.") (internal quotation marks and citations omitted). Notably, "an inability to appropriately interact with or respond to criticism from supervisors is distinct from an inability to interact with either coworkers or the public. Indeed, the Social Security regulations treat the abilities to respond appropriately to 'supervision' and to get along with 'coworkers" as separate aspects of the 'basic mental demands' of unskilled work, noting that the 'substantial loss of ability to meet' any basic mental demand could 'severely limit the potential occupational base.'" *Melissa R. v. Berryhill*, No. 2:17-CV-07716-AFM, 2018 WL 6507898, at *4 (C.D. Cal. Dec. 11, 2018) (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). Here, although the ALJ's hypothetical RFC specifically found that Plaintiff was limited in her ability to interact with the public and co-workers, the hearing transcript and administrative decision are silent as to any limitation in her ability to interact with supervisors. R. 18–20, 57–58; *see also* R. 205 (containing Plaintiff's

11

function report that states that she has "a harder time getting along with male authority figures over women"). Moreover, the ALJ failed to explain this omission, leaving the Court to speculate as to the ALJ's reasoning in this regard. *See id*. The ALJ's failure to include, without explanation, a limitation relating to Plaintiff's ability to interact with supervisors cannot be viewed as harmless. *Nickens v. Colvin*, No. 14-140, 2014 WL 4792197, at *1–2 (W.D. Pa. Sept. 23, 2014) ("This omission infects the hypothetical to the vocational expert, which, in this case, did not include a reference to interaction with supervisors. . . . This matter must be remanded so that the ALJ may address whether he rejected this limitation, or, if he failed to consider it, to do so.") (citations omitted); *Tschannen*, 2015 WL 7012531, at *1–2. Accordingly, considering the inconsistency in the ALJ's RFC determination, and the ALJ's failure to explain this inconsistency, this Court cannot meaningfully review the RFC determination nor can the Court conclude that substantial evidence supports the ALJ's RFC determination. *See A.D. v. Comm'r, Soc. Sec. Admin*., No. CV 20-6198, 2021 WL 4438239, at *6 (D.N.J. Sept. 28, 2021) (remanding where "[t]he ALJ's residual functional capacity finding did state that Plaintiff was unable to work with the public, but that she could tolerate occasional contact with supervisors and coworkers. However, the ALJ did not explain her reasoning behind the parameters she set."); *Grossman v. Comm'r of Soc. Sec*., No. CV 18-13360, 2020 WL 6537067, at *3 (D.N.J. Nov. 6, 2020) ("[T]his Court cannot discern from the decision how the ALJ got from the medical evidence of record to the conclusion that Plaintiff can work if she wears shaded lenses. There is simply no explanation for this and, as a result, this Court cannot meaningfully review the ALJ's conclusion."); *Diggin*, 2019 WL 3495593, at *10; *Sanford v. Comm'r of Soc. Sec*., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that

12

access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

For all these reasons, this Court concludes that remand of the matter for further consideration is appropriate even if, upon further examination of these issues, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision."). The Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of these issues.[3]

---

[3] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the RFC determination, particularly as it relates to social limitations, the Court does not consider those claims.

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  December 10, 2021                             *s/Norah McCann King*
                                                              NORAH McCANN KING
                                                     UNITED STATES MAGISTRATE JUDGE